UNITED STATES for Use and Benefit
of D-C CONST. CO., Inc.
v.
BELL et al.
Civ. No. 435-S.

United States District Court,
M. D. Alabama, S. D.
July 2, 1954.

Albrittons & Rankin, Andalusia, Ala., for plaintiff.

Jones, Murray & Stewart, Montgomery, Ala., for defendants.

KENNAMER, District Judge.

This is a civil action by a sub-contractor against the contractor and its surety for monies allegedly due the sub-contractor as a furnisher of labor and materials for public buildings constructed at Camp Rucker in Dale County, Alabama, within the jurisdiction of this court.

The case was tried, by agreement of the parties, at Montgomery, and by the court without the intervention of a jury.

The court, having heard the witnesses for the respective parties, and the arguments of counsel, and having considered the evidence, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The court hereby adopts and makes a part of its findings the stipulation entered into and filed by the parties.

2. The agreed price and reasonable value of the labor and materials to be supplied the Camp Rucker job by the D–C Construction Company, the subcontractor and use plaintiff, amounted to $167,574.12.

3. The use plaintiff, D–C Construction Company, has been paid or credited with the sum of $152,146.89 by the defendant Bell & Williams on the agreed contract price of $167,574.12.

4. If all the materials and labor furnished by the use plaintiff had been according to government specifications and contract standards, the balance due the use plaintiff under the terms of its contract would be $15,427.23.

5. Where certain items furnished by the use plaintiff were not up to government specifications and contract standards and Bell & Williams were required to expend money to bring them up to such specifications and standards, Bell & Williams are entitled to, and will be allowed, to off-set this money expended as against the balance of $15,427.23 due the use plaintiff.

6. For money expended by Bell & Williams to bring the workmanship and materials of certain items furnished by the use plaintiff up to government specifications and contract standards, the amount of $7,654.51 is allowed.

For money expended by Bell & Williams for payroll Taxes and Insurance, the amount of $423.22 is allowed.

For money expended by Bell & Williams for materials furnished, the amount of $85.21 is allowed.

The total claims allowed Bell & Williams to be off-set amounts to $8,162.94.

7. Charges claimed by Bell & Williams, which the court finds to be either excessive or unreasonable, and which are disallowed, are as follows:

$2,000.00, excess charge for labor furnished.
1,400.00, charge for carpenter foreman.
1,500.00, charge for repainting
1,325.09, charge for profit.
2,500.00, charge for loss due to production delays.
331.08, charge for premium on defendant's bond.
187.98, overcharge on payroll taxes and insurance.

Total....$9,244.15

8. The use plaintiff is entitled to recover from the defendants the amount of $7,264.29, together with interest at the rate of 6% per annum.

### Conclusions of Law

1. The defendant Bell & Williams, a partnership, is entitled to a reasonable charge for labor and materials furnished by it to make the workmanship and materials of certain items furnished by the use plaintiff conform to government specifications and contract standards, where the failure to so conform was the fault of the use plaintiff and no fault of Bell & Williams. However, the defendant is not entitled to claim as an off-set charges which are excessive or unreasonable.

2. The plaintiff is entitled to a judgment against the defendants in the amount of $7,264.29, together with interest at the rate of 6% per annum from the day this money became due and owing under the terms of the contract.

3. The defendants are taxed with cost, for which execution may issue.

4. The attorneys for the plaintiff will prepare and present to the court a judgment in keeping with these findings and conclusions.